IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLISON A., | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 7:17-cv-65 |
| NANCY A. BERRYHILL, Acting<br>  Commissioner of Social Security, | ) By: Elizabeth K. Dillon<br>)     United States District Judge |
|     Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Allison A. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for child's insurance benefits (CIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 20.)

Allison timely filed written objections (Dkt. No. 21). After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the commissioner's decision.

1

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (Report 2–10, Dkt. No. 20.)

II.  DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence."  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Allison's Objections**

Allison raises two objections to the report, and both are the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id*. That is, Allison made the same arguments in her summary judgment briefing before the magistrate judge. Moreover, the report directly addresses both contentions.

In her first objection, Allison argues that the report erred in concluding that the ALJ's evaluation of her mental impairments and the resulting limitations in concentration, persistence, or pace were supported by substantial evidence. (Objs. 1–3, Dkt. No. 21.) She argues that the residual functional capacity (RFC) found by the ALJ, determining that she could perform work with simple instructions and simple tasks, did not account for his determination that she had moderate limitations with concentration, persistence, or pace. (*Id*. at 1–2.) Thus, she contends

3

the ALJ erroneously only addressed "the skill level of work plaintiff is able to perform and not whether she is mentally able to sustain work activity over the course of an eight hour workday." (*Id*. at 3.)

In explaining her objection, Allison asserts that the report ignored evidence concerning her mental limitations and "erred in concluding plaintiff's argument is merely an invitation to re-weigh the evidence" (*id*. at 1) because she failed to "point to any improper legal standard the ALJ relied upon or demonstrate that the ALJ failed to consider contradictory evidence or failed to explain the decision reached." (Report 18.) Allison references her earlier evidentiary arguments and notes that she identified a legal standard under *Mascio* that the ALJ ignored. (Objs. 2–3, Dkt. No. 21.) While the magistrate judge did state that Allison failed to point to an improper legal standard or demonstrate that the ALJ failed to consider contradictory evidence, he also devoted approximately fifteen pages of the report to this issue, including a lengthy discussion of the *Mascio* standard. (Report 3–18.)

Thus, the court finds that this objection is simply a rehashing of her prior arguments before the magistrate judge, and the court could reject the objection on that basis alone. (*Compare* Objs. 1–3 *with* Pl.'s Mem. Supp. Mot. Summ. J. 43–49, Dkt. No. 14.) In any event, even considering the objection de novo, the court concludes that the magistrate judge's reasoning is correct and that the ALJ's determination on this issue was supported by substantial evidence. Thus, the court adopts the reasoning of the report and overrules this objection.

Similarly, Allison's second objection is also a restatement of the same arguments she raised before the magistrate judge. In her second objection, she argues that the ALJ erred in his credibility determination and in concluding that Allison's testimony concerning her depression, anxiety, difficulty concentrating, past hospitalizations, and suicide attempts was not entirely

4

credible.  Specifically, Allison contends that the report "ignores the fact that the ALJ lists activities in support of his conclusion to reject plaintiff's allegations but does not acknowledge they are performed intermittently or with assistance." (Objs. 4.)  Allison presented this argument to the magistrate judge (*compare* Objs. 3–4 *with* Pl's Mem. Supp. Mot. Summ. J. 49–52), and the magistrate judge correctly concluded that, in assessing credibility, the "ALJ's opinion includes a detailed consideration of [Allison's] medical history along with [Allison's] own allegations." (Report 22.)  The magistrate judge's report adequately addressed this issue.  Thus, despite one mischaracterization by the ALJ, which was identified by the magistrate judge, the report nonetheless found the ALJ's credibility analysis to be supported by substantial evidence.  Reviewing this issue de novo, the court reaches the same conclusion as the magistrate judge, and for the same reasons.  Accordingly, this objection is also overruled.

### III.  CONCLUSION

After a de novo review of the objected-to portions of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Allison's objections and adopt the magistrate judge's recommendation.  The court will therefore grant the commissioner's motion for summary judgment and deny Allison's motion for summary judgment.

An appropriate order will be entered.

Entered: September 17, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge